**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JERRY LEE COURTNEY,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 13-CV-808-FHM

## OPINION AND ORDER

Plaintiff, Jerry Lee Courtney, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 6, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 2, 20112. By decision dated November 28, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 21, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 43 years old on the alleged date of onset of disability and 49 on the date of the ALJ's denial decision.  He completed the eighth grade and obtained a General Equivalency Diploma and has no past relevant work.  He claims to have been unable to work since May 1, 2007 as a result of HIV positive status, back pain, poor grip strength, diarrhea, glaucoma, hypertension, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and/or carry 20 pounds occasionally or frequently lift and/or carry 10 pounds.  In an eight hour workday Plaintiff can stand and/or walk at least six hours and can sit at least six hours, all with normal breaks.  [R. 23].  Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred by failing to properly evaluate the opinion of Dr. David L. McElwain, M.D.

## Analysis

David L. McElwain, M.D. completed a Medical Source Statement–Mental form on February 10, 2012 in which he indicated Plaintiff was moderately or markedly limited in the ability to perform most work-related mental tasks.[2] [R. 436-437]. The ALJ acknowledged the existence of Dr. McElwain's opinions, [R. 22, 25], but accorded the opinions "little weight." [R. 25]. The ALJ noted there is no accompanying evaluative report with the statement or any indication that Dr. McElwain spent any time at all with Mr. Courtney. Further, no other reports support Dr. McElwain's opinions. *Id.* Plaintiff argues that the ALJ erred in denying Dr. McElwain's opinions controlling weight and consequently finding that he is disabled.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical

---

[2] Dr. McElwain indicated Plaintiff was moderately limited in the ability to: remember locations and work-like procedures; understand very short and simple instructions; carry out very short and simple instructions; make simple work-related decisions; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; be aware of normal hazards and take appropriate precautions. [R. 436-437]. Marked limitations were the ability to: understand remember and carry out detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule and be punctual; sustain an ordinary routine without special supervision; work in proximity to others without being distracted by them; complete a normal workday and work-week without interruptions from psychologically based symptoms and perform without an unreasonable number of breaks; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; and make realistic plans independently of others. *Id.*

and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins,* 350 F.3d at 1301 (quotations omitted).

Plaintiff seems to argue that the ALJ erred in finding that Dr. McElwain was not an acceptable medical source. The ALJ made no such finding. Dr. McElwain certainly qualified under the Commissioner's regulations as an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 416.913(a). The ALJ does not suggest otherwise.

Plaintiff argues that the ALJ was incorrect in saying that no evidence indicates Dr. McElwain spent any time with Plaintiff. In support of this argument, Plaintiff suggests that Dr. McElwain had a six year relationship with Plaintiff because the record contains medical

4

records from OSU Physicians for approximately six years. [Dkt. 10, p. 8]. While it is true that there are medical records from OSU Physicians dating from 2005, most of the treatment does not involve mental health issues and there are no treatment notes by Dr. McElwain until August 2009. There are six entries by Dr. McElwain in the record: August 26, 2009; January 7, 2010; February 22, 2011; August 23, 2011; February 9, 2012; and March 28, 2012. [R. 443-450]. Those records document Plaintiff's complaints and reflect management of Plaintiff's prescriptions, but contain no documentation of any observations by Dr. McElwain. The ALJ's statement that there is nothing to indicate Dr. McElwain spent "any time at all" with Plaintiff, [R. 25], is not entirely accurate, as Dr. McElwain did see Plaintiff on six occasions over several years. The ALJ also described Dr. McElwain as a "nontreating source." [R. 22]. That statement is plainly inaccurate. It appears, therefore, that the ALJ misunderstood that Dr. McElwain did treat Plaintiff. That misunderstanding may have affected the ALJ's evaluation of Dr. McElwain's opinion. The treatment relationship and length of treatment are factors the ALJ is required to consider in evaluating a treating physician's opinion. 20 C.F.R. §§ 404.1527, 416.927. Since it appears the ALJ was mistaken about these factors, the court cannot say that the reasons for the ALJ's rejection of Dr. McElwain's opinion are supported by substantial evidence.

The ALJ's decision must therefore be reversed and the case remanded for further consideration and discussion of Dr. McElwain's opinion. In remanding this case, the court does not dictate the result. Remand is ordered to assure that a proper analysis is performed and the correct legal standards are applied in reaching a decision based upon the facts of the case.

5

## **Conclusion**

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and the case is REMANDED for further proceedings as specified herein.

SO ORDERED this 27th day of February, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE